## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

In re:

GERALDINE DALZELL-PAYNE                           Case No. 09-00574
                                                  Chapter 11
            Debtor.

## MOTION TO APPOINT CHAPTER 11 TRUSTEE

      COMES NOW, W. Clarkson McDow, Jr., United States Trustee, and moves the Court to appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a).

      In support of this Motion, the United States Trustee represents the following:

      1.    This case was commenced with the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 1, 2009.

      2.    The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding, 28 U.S.C.§ 157.

      3.    The United States Trustee files this motion pursuant to his statutory responsibilities set forth in 28 U.S.C § 586 and 11 U.S.C. § 307, and the authority set forth in 11 U.S.C. 1104(a).

      4.    On July 30, 2009, the debtor appeared and testified under oath at her meeting of creditors held pursuant to 11 U.S.C. 341.

      5.    Debtor's schedules show that she owns five (5) properties all of which appear to have equity. See Exhibit A.

      6.    As shown on Exhibit A, debtor testified that all the properties are rented, including a portion of the debtor's residence, and that the rental income totals approximately

$24,834 a month.   Debtor also receives a monthly pension of $2,359.  See Schedule I.

7.Despite this somewhat promising situation, when the lender on four of the five properties filed motions seeking relief from the automatic stay, it claimed there were significant delinquencies.

8.Debtor's schedule F shows unsecured debt of $40,930.  Debtor's priority tax debt is $21,333.45 which she testified is for 2006.  She has not filed tax returns for 2007 and 2008 and testified that she believes taxes are owed for those years.

9.The United States Trustee has not received confirmation that the properties are insured although debtor insists that they are.

10.Debtor did furnish a notice she received dated June 9, 2009, from National City Mortgage, the lender on 1912 37th Street, N.W., that it was placing insurance on the property for an annual premium of $5,198.00 which likely covers the lender's interests but certainly not the estate's interests considering this is a tenant-occupied building.  See Exhibit B.

11.The debtor has not filed any monthly operating reports.

12.As the foregoing demonstrates, there are substantial assets in this estate and despite the significant revenues, proper safeguards do not appear to be in place to protect the estate from unreasonable risk or diminution in value.  Moreover, the debtor has failed to timely account for her receipt and expenditure of funds by filing monthly operating reports.

13.The debtor recently filed a motion to dismiss her bankruptcy case claiming that it would allow her to work out a satisfactory arrangement with her secured creditors.[1]

---

[1] Pursuant to 11 U.S.C. 1112(b), a chapter 11 case may only be dismissed upon a showing of good cause.  In re Kingbrook Development Corp., 261 B.R. 378 (Bankr. W.D.N.Y. 2001)(chapter 11 debtor does not enjoy an absolute right to dismiss her bankruptcy case).

14. The United States Trustee is not necessarily opposed to dismissal at some point perhaps, but at this juncture, he believes that the best interests of the estate and creditors - particularly the priority and unsecured creditors - would be served by the appointment of a chapter 11 trustee.

Cause to Appoint a Chapter 11 Trustee

15. Section 1104(a) provides –

> (a) At any time after the commencement of the case but before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
>> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, . . . ; or
>>
>> (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, . . .; or
>>
>> (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interest of creditors and the estate.

16. The statute gives this court authority to order the appointment of a chapter 11 trustee "for cause" under certain circumstances which are not inclusive. In re Marvel Entertainment Group, Inc., 140 F.3d 463, 472 (3d Cir. 1998) ("This discretionary authority is consistent with a "policy of flexibility" permeating the Bankruptcy Codes's overall aim of protecting creditors while giving debtors a second chance.").

17. A debtor in possession owes a fiduciary duty to its creditors. A debtor who is

---

Whether there is sufficient cause to dismiss the case is committed to the bankruptcy court's discretion. In re Jabarin, 395 B.R. 330, 342 (Bankr. E.D. Pa. 2008)(declining to grant chapter 7 debtor's motion to dismiss after balancing the various interests involved and finding that dismissal would prejudice unsecured creditors).

unable to carry out her fiduciary duties, or who demonstrates a lack of accountability in handling the estate's financial affairs should not be left in possession.

18. There are significant assets in this case and a stream of income that appears capable of handling the debt service and funding a plan; alternatively, the sale of one property might also accomplish a similar result.

19. Given the particular circumstances presented here, the United States Trustee believes that debtor's lack of familiarity with bankruptcy law and procedure, the absence of or use of forced-place insurance, and the lack of financial reports and controls, expose the estate to unreasonable risk and/or unnecessary expense and hinder the debtor's ability to successfully reorganize to the detriment of creditors.

20. The United States Trustee submits that it would be in the best interest of all parties to have a disinterested trustee appointed to administer the assets including the development of a budget, negotiation with creditors, and submission of a plan of reorganization.

WHEREFORE, the United States Trustee requests that the Court enter an order ordering the appointment of a chapter 11 trustee and grant such other relief as the Court may deem just and proper.

Dated: September 29, 2009    W. CLARKSON McDOW, JR.
                             United States Trustee


                             /s/ Martha L. Davis
                             Martha L. Davis
                             Acting Assistant United States Trustee
                             115 South Union Street, Suite 210
                             Alexandria, VA 22314
                             (703) 557-7180

<u>Certificate of Service</u>

      I hereby certify that on the 29th day of September, 2009, a true copy of the foregoing Motion to Appoint a Chapter 11 Trustee, Notice of Motion and Hearing, and Proposed Order were served on the following persons by first class U.S. Mail, postage prepaid:

Geraldine Dalzell-Payne
3802 Fulton Street, N.W.
Washington, DC 20007

                                                 /s/ Martha L. Davis
                                                 Martha L. Davis